IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                                                      Civ. No. 02-489 JC/WWD
                                                                                           Cr. No. 99-1192 JC

RICHARD GONZALES,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. This matter comes before the Court upon Movant's "Amended Section 2255 Motion for Relief" (Docket #110) filed April 30, 2002.

    2. On June 14, 2000, pursuant to a plea agreement, Movant entered a plea of guilty before the Honorable John Edwards Conway (Docket #82), and the same day a sentence of 130 months was imposed (Docket #84).

    3. On December 1, 2000, Movant sought leave to proceed *in forma pauperis* (Docket #96), and the petition was denied December 6, 2000 (Docket #97).

    4. On February 9, 2001, Movant filed a "Reconsideration" which was docketed as a motion for reconsideration of sentence (Docket #108). Movant was informed by an Order entered April 19, 2001, that within 20 days his motion (the "Reconsideration") could be withdrawn, or that he could file an amended motion, or that he could notify the court in writing of his agreement to have the motion re-characterized and considered a motion under 28 U.S.C. §2255.

    5. On April 30, 2001, Movant filed a "Motion to Withdraw Pleading Entitled

'Reconsideration'." In that motion, Movant, after noting that he had been sentenced on June 14, 2000, stated that he would "file an appropriate §2255 motion within the AEDPA's [Antiterrorism and Effective Death Penalty Act of 1996] one-year time limitation." Also in that motion Movant requested that the Court furnish him "with a copy of the Court's ORDER disposing of the 'Reconsideration Motion.'" An Order granting the motion to withdraw the pleading and dismissing Defendant's [Movant's] motions for reconsideration (CV Docket No. #1; CR Docket #99 and #108) was entered May 14, 2001 (Docket #4 in CIV-01-165 JC/RLP).

6. Judgment on the sentence was entered on July 21, 2000 (Docket #87). Movant never filed a notice of appeal. His conviction became final ten days after his right to seek appeal ended, on July 31, 2000, FED. R. APP. P. 4(b)(1)(A)(i), making the deadline for filing a federal petition July 31, 2001.

7. Because the "amended" motion was filed on April 30, 2002, it is untimely and barred under the one year statute of limitations of the AEDPA. Movant has not alleged that he has in some "extraordinary" way been prevented from asserting his rights such that the limitations period should be equitably tolled. See <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.), <u>cert. denied</u>, 119 S.Ct. 210 (1998).

8. On April 30, 2002, Movant filed his "Amended Section 2255 Motion for Relief" (Docket #110) which alleges, *inter alia,* that after Movant's "Reconsideration" was withdrawn, Movant "filed his section 2255 motion...." The "amended Motion" also points out the provisions of Fed. R. Civ. P. 15(a) in such a way as to imply that Movant had previously filed a motion under 28 U.S.C. §2255.

9. Movant has not filed a previous motion in this court under 28 U.S.C. §2255.

2

Accordingly, there is no motion to amend, and the proposed "amendment", if viewed as the initial filing, is filed out of time. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997) and paragraph 7 above. However, as set out below, the motion, even if timely, is not meritorious.

10. In the "amended" motion which Movant seeks to have the Court review, Movant alleges that his plea agreement was violated and that his counsel was ineffective in that he did not challenge the alleged breach of the plea agreement. The "breach" alleged was the government's failure to follow its "agreement obligation not to oppose 3-level reduction in sentence because, although prosecutor did not expressly oppose reduction, prosecutor made negative comments with regard to whether this case was 'extraordinary,' when finding of 'extraordinary' was the only way defendant would qualify for reduction in sentencing."

11. The Plea Agreement contained a stipulation by the United States and Defendant that the appropriate sentence would be 130 months followed by 4 years of supervised release. ¶5 of Plea Agreement ((Docket #83). Movant also waived his right to appeal or to attack collaterally under 28 U.S.C. § 2255, a sentence imposed in conformity with the agreement. ¶ 7 of Plea Agreement. The Plea Agreement has no provision under which the United States had an express "agreement obligation not to oppose 3-level reduction in sentence."

12. To prove ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 at 687 (1984). Although proposed in the capital sentence context, the Supreme Court has extended this test to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In this context, the first prong of this test would be satisfied if Movant proves that counsel's "advice was

not within the wide range of competence demanded of attorneys in criminal cases." See Hill, 474 U.S. at 56, 106 S.Ct. at 369 (citing McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The proper standard for measuring attorney performance is reasonably effective assistance. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. The second prong is met if Movant shows that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S.Ct. at 370-71. The defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Given the terms of the Plea Agreement, counsel had no duty to object to the argument of the prosecutor; nor did he have a duty to appeal the sentence imposed.

## Recommendation

I recommend that the "Amended Section 2255 Motion for Relief" be **DENIED** and that this cause be **DISMISSED WITH PREJUDICE.**

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C.§ 636(b)(1), file objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**UNITED STATES MAGISTRATE JUDGE**